**Opinion filed December 9, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00012-CR

_____

## MARIA JESUS SANCHEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-17-1052-CR**

## MEMORANDUM OPINION ON REMAND

Appellant, Maria Jesus Sanchez, pleaded guilty to the offense of evading arrest or detention. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt, placed Appellant on community supervision for five years, and imposed a fine of $500. The State subsequently filed a motion to revoke Appellant's community supervision and adjudicate her guilt. The trial court conducted a hearing on the motion, at which Appellant pleaded true to three allegations contained in the State's motion and three witnesses testified. The trial

court found the three allegations to be true, revoked Appellant's community supervision, adjudicated her guilty of the charged offense, and assessed her punishment at confinement for five years. We modify the trial court's judgment to delete the fine and some of the court costs, and we affirm as modified.[1]

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to

---

[1]We note that we issued an opinion similar to this one in October 2020. *See Sanchez v. State*, No. 11-20-00012-CR, 2020 WL 6373229, at *1–3 (Tex. App.—Eastland Oct. 30, 2020) (mem. op., not designated for publication). However, the Court of Criminal Appeals vacated this court's October 2020 opinion because Appellant's prior court-appointed appellate counsel was disqualified from representing Appellant, which the State pointed out in its petition for discretionary review. *See Sanchez v. State*, PD-1150-20, 2021 WL 710271, at *1 (Tex. Crim. App. Feb. 24, 2021) (not designated for publication). Upon remand from the Court of Criminal Appeals, we abated this cause and directed the trial court to appoint new appellate counsel to represent Appellant, which the trial court did.

support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[2]

We conclude, however, that the judgment contains nonreversible errors. First, there is a variation between the oral pronouncement of sentence and the written judgment adjudicating guilt. The written judgment includes a fine of $500. When the trial court assessed Appellant's punishment and orally pronounced the sentence in open court, the trial court did not mention a fine. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2021); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred). Because the trial

---

[2]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

court did not mention any fine when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment adjudicating guilt to delete the fine. *See Taylor*, 131 S.W.3d at 502; *Cerna v. State*, No. 11-14-00363-CR, 2015 WL 3918259, at *2 (Tex. App.—Eastland June 25, 2015, no pet.) (per curiam) (mem. op., not designated for publication).

Second, the written judgment includes court costs. Included in those costs is an assessment for a third-party collection fee in the amount of $452.70. Pursuant to Article 103.0031 of the Texas Code of Criminal Procedure, a county's commissioners court or a municipality's governing body (a) may contract with a third party to collect unpaid fines, fees, court costs, forfeited bonds, restitution, and amounts related to a defendant's failure to appear and (b) may authorize the addition of a collection fee to the past due amounts owed by the defendant. TEX. CODE CRIM. PROC. ANN. art. 103.0031(a), (b) (West 2018). However, a defendant that has been determined by the trial court to be indigent "is not liable for the collection fees authorized under Subsection (b)." *Id.* art. 103.0031(d). The trial court in this case had determined that Appellant was indigent. Therefore, the trial court erred when it assessed the third-party collection fee against Appellant.[3]

Also included in the court costs is a time payment fee of $25. In light of the recent opinion of the Court of Criminal Appeals in *Dulin*, we conclude that the time payment fee must be struck in its entirety as prematurely assessed. *See Dulin v. State*, 620 S.W.3d 129, 133 & n.29 (Tex. Crim. App. 2021). When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252

---

[3]We note that the court costs in this case also included a court-appointed attorney's fee of $600. Because the $600 court-appointed attorney's fee was included in the original judgment deferring the adjudication of Appellant's guilt, we have not deleted it from the judgment adjudicating guilt. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (holding that the defendant procedurally defaulted by failing to raise the attorney-fee issue in a direct appeal from the initial order of deferred adjudication).

(Tex. Crim. App. 2013). Accordingly, we modify the trial court's judgment to delete the time payment fee of $25, without prejudice to a time payment fee being assessed later "if, more than 30 days after the issuance of the appellate mandate, [Appellant] has failed to completely pay any fine, court costs, or restitution that he owes." *See Dulin*, 620 S.W.3d at 133.

We grant counsel's motion to withdraw; modify the judgment adjudicating guilt so as to delete the $500 fine, the $452.70 third-party collection fee, and the $25 time payment fee; and, as modified, affirm the judgment of the trial court.

PER CURIAM

December 9, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.